# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EARL DEAN SHOBE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12-CV-2108-JAR |
| JEFF NORMAN, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for an Order of Stay and Abeyance of Claims Not Preserved in the Missouri State Courts [ECF No. 4], Petitioner's Motion for Stay of Habeas Corpus [ECF No. 14] and Petitioner's request for extension of time to file a reply brief. [ECF No. 15]

**Background**

On July 14, 2008, Petitioner was convicted by a jury in the Circuit Court of Marion County, Missouri, of three counts of second-degree burglary. On August 19, 2008, he was sentenced as a prior and persistent offender to three consecutive ten (10) year terms, for a total of thirty (30) years imprisonment. On direct appeal of his conviction, Petitioner raised two points. First, Petitioner argued the trial court erred in overruling his motion to dismiss Counts II and III, in not transferring those counts from District 2 (Hannibal) to District 1 (Palmyra) of Marion County, and in proceeding to trial on those counts in District 2, because District 1 had "exclusive jurisdiction" over those counts. (Respondent's Exhibit 3, p. 12) Second, Petitioner argued the trial court erred in overruling his motion for acquittal at the close of evidence and imposing judgment and sentence for Count III. (Id., p. 14) On June 16, 2009, the Missouri Court of

1

Appeals affirmed Petitioner's conviction in State v. Shobe, 289 S.W.3d 791 (Mo.Ct.App. 2009). Counsel for Petitioner filed a motion for rehearing and/or transfer to the Missouri Supreme Court on June 30, 2009, which was denied on July 23, 2009. (Respondent's Exhibit 6) Counsel for Petitioner filed an application for transfer to the Missouri Supreme Court on August 7, 2009, which was denied on September 1, 2009. (Id.)

Petitioner filed a Rule 29.15 motion on November 16, 2009. An attorney was appointed for Petitioner, and the attorney filed an amended motion on February 17, 2010, asserting numerous claims of ineffective assistance of counsel. (Respondent's Exhibit 7, pp. 18-36) The amended motion wholly superseded the pro se motion. See Norville v. State, 83 S.W.3d 112, 114 (Mo.Ct.App. 2002). Following an evidentiary hearing on the amended motion, Petitioner's motion was denied on December 20, 2010. On appeal Petitioner only challenged the motion court's ruling on his claim of ineffective assistance of counsel for failure to timely object to the filing of counts in the improper district and his claim that he was sentenced in excess of the range of punishment authorized by law because the trial court did not properly qualify him as a persistent offender. The denial of his motion was affirmed on appeal in Shobe v. State, 354 S.W.3d 672 (Mo.Ct.App. 2011). Petitioner did not apply for transfer.

On October 12, 2012, Petitioner filed a habeas petition under Missouri Supreme Court Rule 91 in the Circuit Court of Cole County. In his state habeas petition, Petitioner asserts four grounds for relief. First, he contends that District 2 of Marion County Circuit Court (Hannibal) lacked jurisdiction to try him on Counts II and III because they occurred in townships located in District I (Palmyra). (Doc. No. 4. pp. 7-8) Petitioner's second claim is that his status as a prior and persistent offender was not properly established pursuant to § 558.021. (Id., pp. 8-10) Next, Petitioner asserts his counsel was ineffective for failing to seek a severance of the charges until

the last day of trial. (Id., p. 11) Finally, Petitioner asserts his counsel was ineffective for failing to investigate his allegation of coercion regarding his statements to the police. (Id., p. 12)

On November 9, 2012, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus advancing eight grounds for relief: (1) that the trial court erred in overruling his motion to dismiss Counts 2 and 3, in not transferring those counts from District 2 (Hannibal) to District 1 (Palmyra) of Marion County, and in proceeding to trial on those counts in District 2 because District 1 had exclusive jurisdiction over Counts 1 and 2; (2) that the trial court erred in overruling his motion for acquittal at the close of evidence and in imposing judgment and sentence against him for Count 3 because there was insufficient evidence presented at trial to support the charge; (3) that trial counsel was ineffective for failing to object to the use and admission of the State's Exhibit No. 2 on the grounds that it was unduly prejudicial because it contained evidence of other crimes for which Petitioner was not on trial; (4) that trial counsel was ineffective for failing to include in her motions to suppress, or in any argument in support of the motions, or in any objection, that Petitioner's statements and other evidence seized and presented at trial was the result of an unlawful arrest without probable cause.: (5) that trial counsel was ineffective for failing to object to any and all references by the State and its witnesses and in failing to move pre-trial to exclude all references to Petitioner invoking his right to an attorney following his initial arrest and reading of his Miranda rights; (6) that trial counsel was ineffective for failing to include in her pre-trial motion to suppress statements, arguments in support thereof, and in her objections at trial to the admission of Petitioner's statements, the assertion that Petitioner's statement was not voluntary because he was denied his 6th Amendment right to counsel; (7) that trial counsel was ineffective for failing to timely move for a change of venue on all counts from Marion County on the basis of undue publicity in Hannibal and Marion

3

County; and (8) that trial counsel was ineffective for failing to timely object to the filing of Counts 2, 3 and 4 of the information in the improper district within Marion County in violation of RSMo § 478.720. All of these claims have been heard and denied on direct appeal and in state post-conviction relief proceedings, including appeal to the Missouri Court of Appeals. Petitioner requests this Court stay the petition pending the state court's adjudication of his Rule 91 state habeas petition, citing Rhines v. Weber, 544 U.S. 269 (2005), in support.

**Discussion**

The "stay and abeyance" procedure in habeas actions is used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims. Under this procedure, a federal district court may stay the habeas action to allow the petitioner to present his unexhausted claims to the state court then return to federal court for review of his petition. Mercer v. Steele, 2012 WL 2684973, at *1 (E.D.Mo. July 6, 2012) (citing Rhines, 544 U.S. at 275-76). Stay and abeyance is only appropriate in limited circumstances, when the district court finds good cause for a petitioner's failure to exhaust his claims first in state court, the claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." Tramble v. Dormire, 2013 WL 1182064, *2 (E.D. Mo. Feb. 1, 2013) (quoting Rhines, 544 U.S. at 277-78). See also, McKeller v. Bowersox, 2012 WL 786262, *2 (E.D. Mo. March 9, 2012) ("Because granting a stay effectively excuses a petitioner's failure to present his clams first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

Petitioner has alleged no unexhausted claim in this federal habeas action. Likewise, Petitioner has alleged no unexhausted claims in his state habeas petition. Because a stay and

abeyance is not appropriate in this case, Petitioner's motions will be denied.  See Brown v. Purkett, 2008 WL 782754, at *4 (E.D.Mo. Mar. 21, 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for an Order of Stay and Abeyance of Claims Not Preserved in the Missouri State Courts [4] and Petitioner's Motion for Stay of Habeas Corpus [14] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for extension of time to file a reply brief [15] is **GRANTED**. Petitioner shall file his reply to Respondent's answer to the petition no later than **Monday, July 15, 2013**.

Dated this 13th day of June, 2013.

```
                                    _____
                                    JOHN A. ROSS
                                    UNITED STATES DISTRICT JUDGE
```