UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EARL D. SHOBE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12-cv-02108-JAR |
| | ) | |
| JAY CASSADY[1], | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Earl D. Shobe, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 9). Petitioner thereafter filed two partial traverses (Docs. 20, 21). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On July 14, 2008, Petitioner was convicted by a jury in the Circuit Court of Marion County, Missouri, of three counts of second-degree burglary. On August 19, 2008, he was sentenced as a prior and persistent offender to three consecutive ten (10) year terms, for a total of thirty (30) years' imprisonment. On direct appeal of his conviction, Petitioner raised two points. First, Petitioner argued the trial court erred in overruling his motion to dismiss Counts II and III, in not transferring those counts from District 2 (Hannibal) to District 1 (Palmyra) of Marion County, and in proceeding to trial on those counts in District 2, because District 1 had "exclusive jurisdiction" over those counts (Resp't Ex. 3 at 12). Second, Petitioner argued the trial court erred in overruling his motion for acquittal at the close of evidence and imposing judgment and

---

[1] Petitioner is currently incarcerated at the Jefferson City Correctional Center ("JCCC") in Jefferson City, Missouri. Jay Cassady is the current Warden and proper party respondent. *See* Rule 2(a), RULES GOVERNING § 2254 PROCEEDINGS IN THE DISTRICT COURTS.

sentence for Count III (*Id.* at 14). On June 16, 2009, the Missouri Court of Appeals affirmed Petitioner's conviction in *State v. Shobe*, 289 S.W.3d 791 (Mo. Ct. App. 2009). Counsel for Petitioner filed a motion for rehearing and/or transfer to the Missouri Supreme Court on June 30, 2009, which was denied on July 23, 2009 (Resp't Ex. 6). Counsel for Petitioner filed an application for transfer to the Missouri Supreme Court on August 7, 2009, which was denied on September 1, 2009 (*Id.*).

Petitioner filed a Rule 29.15 motion on November 16, 2009. An attorney was appointed for Petitioner, and the attorney filed an amended motion on February 17, 2010, asserting numerous claims of ineffective assistance of counsel (Resp't Ex. 7 at 18-36). Following an evidentiary hearing, Petitioner's motion was denied on December 20, 2010. On appeal, Petitioner only challenged the motion court's ruling on his claim of ineffective assistance of counsel for failure to timely object to the filing of counts in the improper district and his claim that he was sentenced in excess of the range of punishment authorized by law because the trial court did not properly qualify him as a persistent offender. On December 20, 2011, the denial of his motion was affirmed on appeal in *Shobe v. State*, 354 S.W.3d 672 (Mo. Ct. App. 2011). Petitioner did not apply for transfer to the Missouri Supreme Court.

On October 23, 2012,[2] Petitioner filed a habeas petition under Missouri Supreme Court Rule 91 in the Circuit Court of Cole County. In his state habeas petition, Petitioner asserted four grounds for relief. First, he contended that District 2 of Marion County Circuit Court (Hannibal) lacked jurisdiction to try him on Counts II and III because they occurred in townships located in

---

[2] The Court previously indicated that the Rule 91 Petition was filed on October 12, 2012 in reliance on Petitioner's statement in his Pro Se Motion for an Order of Stay and Abeyance of Claims not Preserved in the Missouri State Courts (Doc. 4 at 1). However, upon further review of the file, and because in another location Petitioner states the Rule 91 Petition was filed on October 19, 2012, the Court will rely on the October 23, 2012 date the Rule 91 Petition was filed according to that case's docket sheet. *See Shobe v. Missouri Board of Probation and Parole*, Case No. 12AC-CC00708.

District I (Palmyra) (Doc. 4. at 7-8). Petitioner's second claim was that his status as a prior and persistent offender was not properly established pursuant to § 558.021 (*Id.* at 8-10). Next, Petitioner asserted his counsel was ineffective for failing to seek a severance of the charges until the last day of trial (*Id.* at 11). Finally, Petitioner argued his counsel was ineffective for failing to investigate his allegation of coercion regarding his statements to the police (*Id.* at 12). On August 26, 2013, Petitioner's Rule 91 Petition was denied. *Shobe v. Missouri Board of Probation and Parole,* Case No. 12AC-CC00708.

On November 9, 2012, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus advancing eight grounds for relief: (1) that the trial court erred in overruling his motion to dismiss Counts 2 and 3, in not transferring those counts from District 2 (Hannibal) to District 1 (Palmyra) of Marion County, and in proceeding to trial on those counts in District 2 because District 1 had exclusive jurisdiction over Counts 1 and 2; (2) that the trial court erred in overruling his motion for acquittal at the close of evidence and in imposing judgment and sentence against him for Count 3 because there was insufficient evidence presented at trial to support the charge; (3) that trial counsel was ineffective for failing to object to the use and admission of the State's Exhibit No. 2 on the grounds that it was unduly prejudicial because it contained evidence of other crimes for which Petitioner was not on trial; (4) that trial counsel was ineffective for failing to include in her motions to suppress, or in any argument in support of the motions, or in any objection, that Petitioner's statements and other evidence seized and presented at trial was the result of an unlawful arrest without probable cause; (5) that trial counsel was ineffective for failing to object to any and all references by the State and its witnesses and in failing to move pre-trial to exclude all references to Petitioner invoking his right to an attorney following his initial arrest and reading of his Miranda rights; (6) that trial counsel

was ineffective for failing to include in her pre-trial motion to suppress statements, arguments in support thereof, and in her objections at trial to the admission of Petitioner's statements, the assertion that Petitioner's statement was not voluntary because he was denied his 6th Amendment right to counsel; (7) that trial counsel was ineffective for failing to timely move for a change of venue on all counts from Marion County on the basis of undue publicity in Hannibal and Marion County; and (8) that trial counsel was ineffective for failing to timely object to the filing of Counts 2, 3 and 4 of the information in the improper district within Marion County in violation of RSMo § 478.720.

The Government responded (Doc. 9) first arguing that the petition was untimely and then addressing each of the eight grounds. The Court has reviewed the Petition, the Government's response, and Petitioner's partial traverses in their entireties but as it has determined that the petition is untimely, the Court will limit its order to that issue.

## II.  Analysis

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(2) explicitly excludes from this period of limitation, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Therefore, while a properly filed state petition for post-conviction relief or other application for collateral review, such as a habeas petition under Missouri Supreme Court Rule 91, is pending, the 1-year period of § 2244(d)(1) is tolled. *Polson v. Bowersox*, 595 F.3d 873, 875 (8th Cir. 2010); *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002).

In this case, Petitioner failed to timely file his federal habeas petition. Petitioner's

judgment became final on September 1, 2009, the date the Missouri Supreme Court denied his direct appeal transfer request. Petitioner filed a timely Rule 29.15 Petition on November 16, 2009, 76 days later, and it remained pending until January 4, 2012, the date upon which Petitioner's opportunity to file a Motion to Transfer the case to the Supreme Court had expired. *Adams v. Cassady*, No. 4:14-CV-505-CEJ, 2015 WL 3798086, at *1 (E.D. Mo. June 18, 2015) (citing *Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015)). Therefore, the time from November 16, 2009, until January 4, 2012, is tolled for purposes of section 2244(d)(2).

The one-year statute of limitations for Petitioner to file for federal habeas relief expired on October 19, 2012, or 289 days after conclusion of his post-conviction case. The 76 previously un-tolled days plus 289 days is equal to 365 days, or one year. Petitioner's Rule 91 Petition, filed on October 23, 2012, does not affect the calculation of time pursuant to § 2244(d)(1) because it was filed 4 days outside this one-year period. *Polson*, 595 F.3d at 876. Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on November 9, 2012, 21 days after the applicable one-year limitations period had expired. Thus, Petitioner's Section 2254 Petition is time-barred because he filed it after a total of 386 un-tolled days had run. Furthermore, equitable tolling is unwarranted in this case as nothing in the petition indicates that Petitioner diligently pursued his rights and that some "extraordinary circumstance" stood in his way. *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Earl D. Shobe, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial

showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

      A judgment dismissing this case is filed herewith.

Dated this 25th day of February, 2016.

                                                                                      **JOHN A. ROSS**
                                                                                      **UNITED STATES DISTRICT JUDGE**